# LABORATORY SUPPLY CORPORATION OF AMERICA

v.

## The UNITED STATES.

No. 682–83C.

United States Claims Court.

Nov. 15, 1983.

On Motion for Reconsideration
Nov. 22, 1983.

David R. Flyer, Burbank, Cal., Thomas C. Wheeler, Washington, D.C., for plaintiff.

Joseph T. Casey, Jr., Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant.

## OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT FOR INJUNCTION

PHILIP R. MILLER, Judge:

On November 14, 1983, plaintiff filed a complaint seeking injunctive relief pursuant to 28 U.S.C. § 1491(a)(3).

Plaintiff alleged that it was the apparent low bidder on a solicitation for food packaging material issued by the Naval Supply Center at Pearl Harbor, Hawaii. The solicitation requested bids for two sizes of clear meat packaging film and four sizes of foam trays in specified quantities. It stated that on November 3, 1983, the bids were opened and disclosed plaintiff to be low bidder on both types of items. However, it alleges that defendant by the actions of its agents, employees or representatives acted arbitrarily, capriciously and without rational basis in determining plaintiff to be nonresponsive to the solicitation, thereby causing plaintiff to suffer immediate and irreparable harm.

The solicitation described the two classes of items as follows:

> 0001 *Clear Meat Packaging Film* (Stretch Packaging Film), to fit on "Hobart" 5000 automatic equipment, "Resinite" RMF–61HY, Code No. 3500, mfd. by Borden Chemical Corporation, Compton, California 90224 or equal:
>
> 0002 *Foam Tray,* white, molded polystyrene for meat as mfd. by Mobile Chemical, Woodland, California or equal:

On a continuation sheet which followed the bid items, the solicitation requested the following information for the two meat packaging film items (Nos. 0001A and 0001AB) and the four foam tray items (Nos. 0002AA, 0002AB, 0002AC and 0002AD):

815 BIDDING ON   (TO BE COMPLETED BY BIDDER)

| Item No. | Manufacturer's Name | Brand | Number |
|---|---|---|---|
| 0001A | _____ | _____ | _____ |
| 0001AB | _____ | _____ | _____ |
| 0002AA | _____ | _____ | _____ |
| 0002AB | _____ | _____ | _____ |
| 0002AC | _____ | _____ | _____ |
| 0002AD | _____ | _____ | _____ |

## SECTION C—DESCRIPTION/SPECIFICATIONS

### C16 SALIENT CHARACTERISTICS GUARANTEED

Any alternate make or model offered under this solicitation and the clause herein entitled, "Brand Name or Equal" is represented and guaranteed by the bidder/offeror as conforming to all the salient characteristics stated in the solicitation for the respective line item.

Nevertheless, plaintiff only filled out the space designated for the manufacturers name with respect to items 0001A and 0001AB as follows:

| | |
|---|---|
| 0001A | All items Borden |
| 0001AB | Chemicals as specified |

It left completely blank the spaces designated for the remaining items, brands and numbers.

On November 4, 1983, the day after the bid opening, plaintiff wrote to the Naval Supply Center as follows:

We wish to rectify a clerical ommission [sic] in our bid proposal for the above referenced solicitation: On page 5, section B–15 should have included: "Mobil Chemical as specified" for items 0002AA through 0002AD.

Also, on page 15, section K–9 a. and b. should have included "Mobil Chemical Plastics Division Packaging Department, 1351 E. Beamer, Woodland, CA 95695" "A publicly-held stock company".

Our intent is to indicate that our bid is based on all the items exactly as requested in the solicitation.

In an undated letter to the Naval Supply Center plaintiff wrote that the price quotation references in its response to the solicitations were for the Borden product for the packaging film and for the Mobil product for the foam trays, and plaintiff intended to conform precisely to the invitation. It enclosed a price quotation dated November 4, 1983, from a supplier, Blake, Moffitt & Towne, showing that its quotations to plaintiff were for the Borden manufactured packaging film and the Mobil foam trays. Plaintiff's counsel stated to the court that the quotations were reaffirmations of oral quotations made prior to the bid opening.

On the same day that the complaint and application for a temporary restraining order were filed, the court held a hearing at 4:00 p.m. Plaintiff was represented by its attorney of record, David R. Flyer, who made his argument by telephone and loud speaker. Defendant was represented by Joseph T. Casey, Jr., of the Civil Division of the Department of Justice, who appeared personally.

■ On the basis of the complaint and the documents attached thereto, which have been referred to above, it is concluded that plaintiff's response to the solicitation was nonresponsive. Contrary to plaintiff's argument, although it made clear that its bid for the packaging film was based on supplying the Borden product, its bid for the foam trays did not make clear whether it contemplated supplying the Mobil manufactured product or products equal thereto, as it was privileged to do. Accordingly, it was required to supply the manufacturer's name, brand and number for the foam trays. It

failed to do so in the two places in the contract which called for such information.

This information was of obvious importance to the government, since it was intended to enable procurement experts to determine from it whether or not the substituted product was actually of equal quality with the specified brand and to evaluate all of the bids on an equal competitive basis. To allow plaintiff to bid without being tied to a particular manufacturer of the product would give it an unfair advantage over other bidders and thereby undermine the competitive process. Thus, the Navy was justified in rejecting the bid as nonresponsive. In addition, since the plaintiff specified on its bid that "Bidding All Or None On All Line Items", the Navy was justified in rejecting the entire bid, including that for the packaging film.

Plaintiff claims in the complaint that the defendant's rejection of the bid violated the terms of Defense Acquisition Regulations 1–206.4 and 2–301, because the rejection was due to plaintiff's minor clerical omission, which did not affect price quantity, quality or delivery, as plaintiff always intended to supply the foam trays manufactured by the Mobil Company rather than a substitute. Insofar as pertinent, these regulations provide (32 C.F.R. (1982 Rev.)):

1–1206.4 *Bid Evaluation and Award— Brand Name or Equal Purchase Descriptions.*

(a) Bids offering products which differ from brand name products referenced in a "brand name or equal" purchase description shall be considered for award where the contracting officer determines in accordance with the terms of the clause in 7–2003.10 that the offered products are equal in all material respects to the products referenced. Bids shall not be rejected because of minor differences in design, construction or features which do not affect the suitability of the products for their intended use.

(b) Award documents shall identify, or incorporate by reference an identification of, the specific products which the contractor is to furnish. Such identification shall include any brand name and make or model number, descriptive material, and any modifications of brand name products specified in the bid. * * *

and

**2–301   Responsiveness of Bids.**

(a) To be considered for award, a bid must comply in all material respects with the invitation for bids so that, both as to the method and timeliness of submission and as to the substance of any resulting contract, all bidders may stand on an equal footing and the integrity of the formal advertising system may be maintained.

\*        \*        \*        \*        \*        \*

(c) Bids should be filled out, executed, and submitted in accordance with the instructions which are contained in the invitation for bids. If a bidder uses his own bid form or a letter to submit a bid, the bid may be considered only if (i) the bidder accepts all the terms and conditions of the invitation, and (ii) award on the bid would result in a binding contract the terms and conditions of which do not vary from the terms and conditions of the invitation.

Plaintiff contention that its bid was rejected because of minor differences which do not affect the suitability of the products for their intended use is not supported, because the rejection was for failure to specify the name of the manufacturer of the foam trays which could be supplied under its bid but was not named therein. This was more than a minor difference which did not affect the suitability of the products. It is not clear as to how, plaintiff contends, the government did not comply with DAR § 2–301. To the contrary, it required plaintiff to fill out all of the information requested on the bid form, which plaintiff failed to do.

Plaintiff also contends that, since it intended at all times to submit the Mobil product, the failure to fill out the form about a product of equal quality was merely a clerical error and, accordingly, the bid should be reformed to correct the error and

the contract awarded on the basis of the reformed bid. However, reformation may only take place where there is a written contract but the writing does not properly reflect the understanding of *both* parties. *Burnett Electronics Lab. v. United States,* 202 Ct.Cl. 463, 472–73, 479 F.2d 1329, 1333–34 (1973); *Highway Products, Inc. v. United States,* 208 Ct.Cl. 926, 945–47, 530 F.2d 911, 922–23 (1976). It may be that plaintiff always intended to supply the Mobil product, but nothing in the information submitted to the government at or prior to the bid opening gave the Navy that information, and, thus, there is no basis for the inference that the writing did not properly reflect the understanding of the Navy. The proper conclusion is that there was no contract and hence nothing to be reformed, since there was no meeting of the minds as to what was to be delivered and no acceptance.

In view of the foregoing, the application for a restraining order must be denied; and it is also apparent that the complaint, as reflected by the documents attached thereto, fails to state a claim upon which relief may be granted. The clerk is directed to enter an order dismissing the complaint, and allowing costs to the defendant.

### On Motion For Reconsideration

On Monday, November 21, 1983, plaintiff filed motions for substitution of attorney of record and for reconsideration of the above entitled opinion and order. A hearing on the latter motion was held on the same day at 2:30 p.m. in chambers.

The motion for reconsideration is based on an additional clause in the contract solicitation form which plaintiff previously failed to bring to the court's attention. This clause is as follows:

L9 BRAND NAME OR EQUAL (IFB) (1973 APR) (DAR–7–2003.10)

(As used in this clause, the term "brand name" includes identification of products by make and model)

\* \* \* \* \* \*

(b) Unless the bidder clearly indicates in his bid that he is offering an "equal"

product, his bid shall be considered as offering a brand name product refer-·enced in the invitation for bids.

(c)(1) If the bidder proposes to furnish an "equal" product, the brand name, if any, of the product to be furnished shall be inserted in the space provided in the invitation for bids, or such product shall be otherwise clearly identified in the bid. The evaluation of bids and the determination as to equality of the product offered shall be the responsibility of the Government and will be based on information furnished by the bidder or identified in his bid, as well as other information reasonably available to the purchasing activity. CAUTION TO BIDDERS. The purchasing activity is not responsible for locating or securing any information which is not identified in the bid and reasonably available to the purchasing activity. Accordingly, to insure that sufficient information is available, the bidder must furnish as a part of his bid all descriptive material (such as cuts, illustrations, drawings, or other information) necessary for the purchasing activity to (i) determine whether the product offered meets the salient characteristics requirements of the invitation for bids and (ii) establish exactly what the bidder proposes to furnish and what the Government would be binding itself to purchase by making an award. \* \* \*

■ The inference to be drawn from this clause is that plaintiff's failure to designate the manufacturer of the foam trays described in the solicitation as

0002 *Foam Tray,* white, molded polystyrene for meat as mfd. by Mobile Chemical, Woodland, California or equal:

means that plaintiff's bid was for the brand name product and not for an equal product.

Defendant contends that the bidder's insertion of the Borden brand name for the related meat packaging film, which was also listed in the solicitation by brand name or equal, but omission of the Mobil brand

name for the trays, conveyed to the contracting officer that the latter would be an equal product rather than a brand name product, without disclosing the identity of the manufacturer.

However, defendant's argument is not persuasive that plaintiff cannot prevail on the merits. Plaintiff may have filled in the Borden name and then decided that, in view of the quoted clause, the form was only to be filled out with a manufacturer's name where the bidder intended to supply an equal product and therefore it was unnecessary to complete the remainder. Alternatively, plaintiff may have intended to put in both names to indicate that the listed brands would be used for both products but inadvertently failed to complete the form. It appears reasonable to construe the contract as not requiring the manufacturer's name, brand and number for brands specified by the government, but only for equal products. Since the government prepared the form and the contract is one of adhesion, it may be that any ambiguity should be resolved against the government.

After communicating by telephone with the Naval Supply Center at Pearl Harbor, Hawaii, defendant's attorney informed the court that the contract at issue has not yet been awarded to any other bidder.

Defendant's attorney represented on behalf of the government that no award will be made to any other bidder for a period of 30 days. Such attorney further represented that he has been authorized to make this commitment by the Naval Supply Center. This is satisfactory to plaintiff's counsel. In view of the assurance of defendant's counsel, no temporary restraining order will be issued.

The motions for preliminary injunction and final injunction are combined and set for hearing Friday, December 9, 1983, at 10:00 a.m. in the National Courts Building, 717 Madison Place, N.W., Washington, D.C., courtroom 7, room 508.

Plaintiff is allowed until Monday, November 28, 1983, to file a motion for summary judgment and/or brief. Defendant is allowed until Monday, December 5, 1983, to cross-move and respond. Plaintiff is allowed until Wednesday, December 7, 1983, to reply.